■ In the Matter of the Estate of CHARLES WECHSLER, Deceased. CARMEN WECHSLER, Appellant; STANDARD NEO-LITE Co., INC., et al., Defendants; LAWRENCE S. WECHSLER et al., Respondents. [640 NYS2d 184]

On April 6, 1988, the decedent, Charles Wechsler, along with his sister, the respondent Gladys Miller, established an irrevocable *inter vivos* trust, the assets of which consisted of the stock of two family-owned corporations. Upon the termination of the trust, its assets were to be divided among the grantors' children. The decedent died testate on April 23, 1993, while the trust was still in effect, and was survived by the petitioner (his wife of 17 years) and four adult children from a prior marriage.

In this action, the petitioner sought, *inter alia,* to take a statutory elective share of the decedent's assets, including the assets of the *inter vivos* trust. The respondents moved for partial summary judgment alleging, in relevant part, that the *inter vivos* trust was not includable in the estate for purposes of calculating the surviving spouse's elective share. The Surrogate's Court held, in relevant part, that the petitioner had no right to elect against the *inter vivos* trust. We agree.

The trust at issue does not qualify as a testamentary substitute under EPTL 5-1.1-A (b) (1) (F) because the decedent did not retain actual possession or enjoyment of the trust property up to the date of his death. Any alleged *de facto* control he had over the property terminated upon his removal as a trustee shortly before his death. In addition, the decedent did not retain the right to revoke the trust, which by its terms was irrevocable, and did not reserve the power to appoint beneficiaries (*cf., Matter of Reynolds,* 87 NY2d 633). Moreover, no express provision of the agreement gave the decedent the right to consume, invade, or dispose of the corpus of the trust up to the date of his death.

Finally, the petitioner may not avail herself of the illusory transfer doctrine, which was abolished in 1966 by the implementation of the testamentary substitute scheme found in EPTL former 5-1.1 (now EPTL 5-1.1-A; *see, Matter of Riefberg,* 107 Misc 2d 5, 7, *affd* 86 AD2d 782, *affd* 58 NY2d 134; 9A Rohan, NY Civ Prac, EPTL, ¶ 5-1.1 [11]; 3B Warren's Heaton, Surrogate's Courts, § 55.11 [4] [6th ed]). Balletta, J. P., Thompson, Pizzuto and Altman, JJ., concur.